UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

MARILYN CASELLAS,

    Plaintiff,
v.

LAWSON INDUSTRIES, INC, a Florida
Corporation, RONALD BAILEY, Individually,
and HOWARD BAILEY, Individually,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, MARILYN CASELLAS, by and through undersigned counsel, and sues Defendants, LAWSON INDUSTRIES, INC., RONALD BAILEY, and HOWARD BAILEY, and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, MARILYN CASELLAS, brings this action against Defendants to recover unpaid overtime wages owed by Defendants to Plaintiff pursuant to Plaintiff's employment agreement with the Defendants.

2. Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206 and 207.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern

District of Florida; because the unlawful employment practices that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendants are subject to personal jurisdiction herein.

4. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida.

5. At all times material hereto, Defendant, LAWSON INDUSTRIES, INC. ("Lawson"), was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto, Lawson had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, Lawson, upon information and belief, had revenue in excess of $500,000.00 per annum.

8. Defendant, RONALD BAILEY ("RB") is an officer and owner of Defendant Lawson, and RB commonly controlled the day-to-day operations of Lawson and shared an interest in making profits through the operation of this corporate entity.

9. At all times material hereto, RB was Plaintiff's employer as defined by law.

10. Defendant, HAROLD BAILEY ("HB") is an officer and owner of Defendant Lawson, and HB commonly controlled the day-to-day operations of Lawson and shared an interest in making profits through the operation of this corporate entity.

11. At all times material hereto, HB was Plaintiff's employer as defined by law.

12. At all times material hereto, Plaintiff was individually engaged in commerce while working for Defendants.

13. All conditions precedent have occurred or have been waived.

14. Plaintiff has engaged the undersigned attorney and is entitled to recover her attorneys' fees from Defendants.

### **COUNT 1: FLSA RECOVERY OF UNPAID OVERTIME WAGES**

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above as if fully set forth herein. Plaintiff worked for Defendants from approximately August 8, 2016 to November 2, 2018. The Plaintiff was originally hired through an agency and was hired directly by the Defendants in January 2017.

16. During the relevant time period, Plaintiff worked for Defendants in the accounts payable department.

17. In accounts payable, Plaintiff's primary duties and responsibilities included answering emails and phone calls, taking care of all payables, working directly with the controller, working with purchasing and receiving, working with high volume invoices, and processing and meeting daily deadlines.

18. In January 2017, the Defendants agreed to pay the Plaintiff $19.00 per hour in exchange for her services. In April 2018, the Defendants increased the Plaintiff's hourly rate to $20.00 per hour.

19. The Plaintiff worked 45 hours per week from January 1, 2017 through April 1, 2018. The Plaintiff also worked 45 hours per week from April 1, 2018 through November 2, 2018.[1]

20. During one or more work week, Defendants did not pay Plaintiff overtime wages for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

---

[1] The parties entered into an agreement tolling the applicable statute of limitations.

21. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

22. By reason of the intentional, willful and unlawful acts of the Defendants, Plaintiff has suffered damages.

23. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 24th day of July, 2020.

By: *s/Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff